## Stamper v. Garvin et al.

May 14, 1948.

John M. Theobald and Thos. D. Theobald for appellant.

G. W. E. Wolfford and H. R. Wilhoit for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This is a suit to have determined the division line between the lands of appellant and appellees in Carter County. The Chancellor upheld appellees' contention concerning the proper location of this line, and enjoined appellant from trespassing on appellees' property.

The major portion, if not all, of appellant's land lies north of "Jones Branch;" appellees' lies south of it. The description in appellant's deed is as follows (our italics):

"*Beginning at two White Oaks, John Ratliff's corner, near the mouth of a small branch;* thence a North course to a White oak stump; thence West a straight

line to two white oak bushes a corner of Steve Jones; Thence a North course in a straight line to a black oak in Martin Jones field; thence a N. E. course to a white oak snag; *thence a South course to a black walnut in the Jones Branch; thence up the branch to the beginning,* containing 80 acres more or less.''

The description of appellees' property simply referred to it as being bounded on four sides by the lands of other named persons.

Appellant insists that his property includes some four or five acres lying to the south of Jones Branch. Appellees' position is that the proper division line between the lands is roughly this stream itself.

Two surveys were made pursuant to court order. The first one, made by a Mr. Everman, conformed to appellant's claimed location of the line. In making this survey, however, Mr. Everman used as established landmarks the corners in dispute, which were pointed out by appellant in the absence of any representative of appellees. A subsequent survey was made by a Mr. Curtis, but his report recited that he was unable to determine the true property line because the disputed corners could not be ascertained from the descriptions in the deeds.

There were numerous witnesses who testified for both appellant and appellees. The principal differences in opinion concerned the location of John Ratcliff's corner, designated as two white oaks ''near the mouth of a small branch.'' Appellant's contention, supported by some evidence, is to the effect that the true line runs eastwardly from a large white oak some 60 to 100 feet south of Jones Branch to a black walnut stump on the south side of the branch.

On the other hand, appellees' proof indicated that John Ratcliff's corner is a point very near the intersection of a small stream and Jones Branch where two white oaks once stood; that the line runs east along the northern edge of the branch to a black walnut a few feet north of it. There was testimony to the effect that such a line had been recognized for a great number of years. There was also evidence that neither appellant nor his predecessors in title had ever claimed land on

the south side of Jones Branch. It appears that many years ago the predecessors in title of both appellant and appellees had cut timber up to the line claimed as correct by appellees. It is undisputed that in 1928 appellees erected a fence along a substantial portion of the line as claimed by them, and that fence had continued in existence more than fifteen years prior to the date suit was filed.

We have carefully considered all of the evidence in the case, and are of the opinion that the proof amply sustains the Chancellor's decision. The location of the line so found is entirely consistent with the description in appellant's deed. The John Ratcliff corner, as determined by the Chancellor, is actually near the mouth of a small branch, whereas, appellant's claimed location of this corner is some distance from it. In addition, the line established by appellees actually runs ''up the branch,'' whereas, appellant's claimed line does not do so.

In cases of this sort we always give weight to the finding of the Chancellor, but even if we exercised our own independent judgment, we think the evidence substantially preponderates in favor of appellees.

For the reasons stated, the judgment is affirmed.